SMOKING PIPES, INC., A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT, v. THE FRANKLIN TRUST COMPANY OF PATERSON, A BANKING CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.

Submitted February 11, 1944—Decided April 13, 1944.

For the plaintiff-appellant, *Archibald Kreiger*.

For the defendant-respondent, *Charles H. Roemer*.

The opinion of the court was delivered by

Brogan, Chief Justice. The plaintiff corporation appeals from a judgment of nonsuit. The contention of the appellant is that the nonsuit was error because the plaintiff had established a *prima facie* case.

The pertinent allegations of the complaint are: that the plantiff corporation, in 1940, became a depositor of the defendant bank: that the defendant agreed to pay out plaintiff's funds by check "strictly in accordance with the stipulation" printed on the back of such checks; that in the month of September, 1940, plaintiff delivered checks to a payee and the said payee "altered, changed and spoiled the terms" stated

on the back of each check without the knowledge or consent of the plaintiff; that nonetheless the defendant bank honored the checks to the detriment of the plaintiff. And this the plaintiff charges was negligence. In the state of case it appears that the account in question was known as the payroll account; that on the back of the check the following was printed: "I am employed from week to week and have no contract of employment with Smoking Pipes, Inc. [the plaintiff herein] or any of its officers either written or oral. Paid in full." Five checks on the payroll account had been given to one Newman, plaintiff's employee. Newman was subsequently dismissed from the plaintiff's service and brought an action in the State of New York against the plaintiff alleging breach of his contract of employment. Plaintiff settled the action in New York for the sum of $675 and seeks to recover from defendant bank what it considers the damage visited on it, namely, the amount of settlement plus counsel fees paid to a New York lawyer, in the matter.

We think the judgment of nonsuit in this case is correct for these reasons: In the complaint it was alleged that the parties agreed that checks drawn on the payroll account would be honored strictly in accordance with the aforesaid stipulation. In answer to a demand for particulars, plaintiff replied that there was no written agreement to that effect but that the agreement or arrangement between the depositor and the bank "was made up of a course of conduct resulting from the time when plaintiff became a depositor" of the defendant bank. We find no proof to support this allegation of the complaint. The writing on the back of the checks, which we may call a "release," had been entirely obliterated by drawing heavy ink marks through the printed lines. This is apparent from the canceled checks offered in evidence. There is no proof whatever from which anyone could legitimately determine who caused the obliteration or when it was done. It does not appear that the bank honored these checks in the condition in which we find them, i. e., with the release crossed out nor can it be said that the obliteration was not accomplished after the checks were returned to the depositor. It is true that the plaintiff's witness, Levy, in response to a question whether he or anyone in the company, on his authority,

obliterated the form of the release on the checks, answered in the negative. But, passing the competency and the manifest hearsay quality of that testimony, we fail to find a shred of proof that the checks had been honored by the bank in their altered form. Accordingly there was no issue of fact left to be determined and the nonsuit was proper.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 14.

*For reversal*—None.